**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MALIK SINGER, | : | |
| | : | Civil Action No. 09-4713 (JAP) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| DETECTIVE DAVID WHIPPLE et al., | : | |
| | : | |
| Defendants. | : | |

     This matter comes before the Court upon Plaintiff's submission of a civil complaint, pursuant to 42 U.S.C. § 1983, and Plaintiff's application to proceed in this matter <u>in forma pauperis</u>. Plaintiff's application to prosecute this matter <u>in forma pauperis</u> will be granted. Plaintiff's complaint, however, will be dismissed for failure to state a claim upon which relief can be granted.

1.     Plaintiff's complaint asserts that, on May 11, 2008, a certain victim was found dead at a certain location in Franklin Township, New Jersey. Without specifying further, the complaint states that an "investigation disclosed that at approximately 1:30 a.m. of that date, a loud noise [resembling] gunfire[] was heard at that location. . . . Eyewitnesses . . . described [the killer as] a light-skinned black male with facial tattoos, similar to the physical appearance of [Plaintiff]. Three eye-witnesses [picked Plaintiff as the suspect during] photographic lineups . . . and[] confirmed seeing [Plaintiff] at the scene of the shooting." Docket Entry No. 1 (attachment) at 2. Apparently, Plaintiff was arrested on

the grounds of the aforesaid evidence.[1]  Plaintiff, however, seems to maintain that he has an alibi in the form of: (a) a surveillance tape from a certain Exxon gas station, where Plaintiff claims he was present from 1:14 a.m. to 1:19 a.m. of the date of the shooting; (b) testimony of two persons who were with him in the car at that time he was at the Exxon gas station and thereafter.  See id. at 3.  Plaintiff also asserts that, upon his arrest, he was interrogated without being read his Miranda rights.  See id. at 4.

2. Plaintiff's claims are, alas, rather vague.  See id. at 4, 6-7.  Requesting this Court to construe his complaint liberally, Plaintiff asserts that his Fifth and Sixth Amendment rights were violated and alleges that he is being forced to act as a witness against himself.  See id.  As best as the Court can discern from the statements made in the complaint, Plaintiff seems to be claiming that a failure by the police (or reluctance) to investigate (or factor in) the surveillance tape at the Exxon station, as well as police interrogation of Plaintiff without giving him his Miranda rights entitle Plaintiff to damages[2] under Section 1983.  Further, the Court cannot rule out that Plaintiff also seeks dismissal of his criminal charges on the grounds of these alleged Exxon tape and being interrogated without having his Miranda warning.

---

[1]  Although Plaintiff does not appear to assert a Fourth Amendment seizure claim based on his arrest, the Court notes that such claim would be without merit because the identification of Plaintiff in a photo lineup provided probable cause for Plaintiff's arrest.  See Virginia v. Moore, 128 S. Ct. 1598, 1604 (2008) ("when an officer has probable cause to believe a person committed even a minor crime . . . [t]he arrest is constitutionally reasonable"); see also Mosley v. Wilson, 102 F. 3d 85, 94-95 (3d Cir. 1996).

[2]Plaintiff seeks $1.8 million in punitive and compensatory damages, as well as attorneys fees.

3. In any event, Plaintiff's claims are without merit. Plaintiffs' claims that are based on the alleged Exxon tape and Miranda warning do not entitle Plaintiff to any relief under Section 1983. Specifically, with regard to Plaintiff's assertions based on the alleged Exxon tape, Plaintiff has no due process right to "diligent" or "adequate," or "non-negligent" investigation of all evidence known or preferred by Plaintiff:

> [N]egligence by public officials is not actionable as a due process deprivation of a civil right. See Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995) ("The issue is not whether the information on which police officers base their request for an arrest warrant resulted from a professionally executed investigation; rather, the issue is whether that information would warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested"); see also Daniels v. Williams, 474 U.S. 327, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986); Colburn v. Upper Darby Township, 946 F.2d 1017 (3d Cir. 1991)).

Wilson v. Russo, 212 F.3d 781, 789 n.5 (3d Cir. 2000).

4. Plaintiff's allegations based on the alleged interrogation without a due Miranda warning similarly fail to state a Section 1983 claim, even if this Court were to read Plaintiff's allegations as an attempt to assert violation of the Self-Incrimination Clause. While Miranda v. Arizona, 384 U.S. 436, 444 (1966), prohibits the government from using "statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination," the problem with Plaintiff's Self-Incrimination Clause claim is that questioning a person in custody is not a basis for a Section 1983 claim *unless and until* the incriminating statement is used in a criminal trial. See Renda v. King, 347 F.3d 550, 557-58 (3d Cir. 2003); see also Chavez v. Martinez, 538 U.S. 760, 767 (2003) (it is not until the use of a defendant's statements in a criminal

3

case that a violation of the Self-Incrimination Clause occurs) (plurality opinion); James v. York County Police Dep't, 160 Fed. App'x 126 (3d Cir. 2005). Because Plaintiff does not assert that any incriminating statement he made was *actually used against him in a criminal trial*, his Miranda claim fails.

5. Finally, to the extent one can be construed, Plaintiff's implied request to have his criminal charges dismissed is barred by the abstention doctrine. The doctrine of abstention which has developed since Younger v. Harris, 401 U.S. 37, "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). "Younger abstention," as the Court's teaching is known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. See id.

    The specific elements of the Younger abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). All three Younger criteria are met in the case at hand. First, Plaintiff's claim concerns the separate pending criminal case. Second, based upon the fact that Plaintiff is attempting to raise issues concerning the validity of his criminal charges, the proceeding clearly implicates

4

      important state interests.  Third, the State forum affords Plaintiff an adequate opportunity to raise his federal law issues, such as his key claim about arrest without probable cause.[3]  Exceptions to the Younger doctrine exist where irreparable injury is "both great and immediate," Younger, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," id. at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief."  Id. at 54.  These exceptions are to be narrowly construed.  See Loftus v. Township of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991).  Thus, "only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against state prosecutions appropriate."  Perez v. Ledesma, 401 U.S. 82, 85 (1971).  Here, Plaintiff has not asserted any circumstances that would bring the case at bar within any of the narrow exceptions to the Younger doctrine.

6.   In sum, Plaintiff's allegations, no matter how liberally the Court construes them, fail to state a claim warranting relief.  Consequently, Plaintiff's complaint will be dismissed.  However, in light of the lack of clarity in Plaintiff's allegations, the Court will dismiss the complaint without prejudice.  Plaintiff shall be allowed an opportunity to amend his pleadings to clarify his allegations in the event that the Court's reading of Plaintiff's

---

[3] Plaintiff has not asserted that he is unable to present his federal claims in his related state court proceedings.  Thus, this Court may assume that the state procedures will afford an adequate remedy.  See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.")

complaint was different than Plaintiff intended.  An appropriate Order accompanies this Memorandum Opinion.

                                                          /s/ JOEL A. PISANO
                                                         Joel A. Pisano, U.S.D.J.

Date:  December 1, 2009